# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-50072
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 18, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KHALID MCMARYION,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:16-CR-193-1

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Khalid McMaryion appeals his 24-month sentence for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He asserts that the district court erroneously applied a four-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(6)(B) for possessing a firearm in connection with another felony offense, i.e., a Texas burglary offense. Specifically, he argues that there was insufficient evidence to support the enhancement. McMaryion maintains

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that "[t]he evidence provided in the PSR and at the sentencing hearing fail to show [he] was involved in a burglary when he was found to be in possession of a firearm."

We review the district court's application of the Guidelines de novo and its factual findings for clear error. *United States v. Coleman*, 609 F.3d 699, 708 (5th Cir. 2010). For purposes of § 2K2.1(b)(6)(B), "[t]he district court's determination of the relationship between the firearm and another offense is a factual finding." *Id.* "In determining whether a Guidelines enhancement applies, the district court is allowed to draw reasonable inferences from the facts, and these inferences are fact findings reviewed for clear error." *Id.* "A factual finding is not clearly erroneous if it is plausible in light of the record as a whole." *Id.*

The record reflects that police officers searching for the burglars, minutes after the burglary, located McMaryion with a suspect the victim had initially identified as one of the perpetrators of the burglary. Police located McMaryion with that suspect two blocks away from the scene of the burglary and in the general direction the victim observed the burglars had fled. Shortly thereafter, the victim, who had seen the burglars leave her house and recognized some of them, identified McMaryion as one of the suspects in the burglary.

Although McMaryion emphasizes that he was not "arrested [for] or charged with burglary," an offense can constitute "another felony offense" for purposes of § 2K2.1(b)(6)(B) "regardless of whether a criminal charge was brought, or a conviction obtained," § 2K2.1, comment. (n.14(C)). To the extent McMaryion attacks the police officer's testimony as hearsay with respect to the victim's statements, the district court is allowed to consider hearsay at sentencing as long as it is reliable, *see United States v. Andaverde-Tinoco*, 741

F.3d 509, 525 (5th Cir. 2013). McMaryion has made no showing that the officer's recount of the victim's statements was unreliable.

Accordingly, the district court's finding that McMaryion was involved in the burglary is plausible in light of the record as a whole and, thus, not clearly erroneous. *See Coleman*, 609 F.3d at 708.

AFFIRMED.